LAGOA, J.
The Cadle Company (“Cadle”) appeals from a final summary judgment entered in favor of Cindy Rhoades (“Rhoades”).
I. FACTUAL AND PROCEDURAL HISTORY
On December 12, 1996, Barnett Bank, N.A., the predecessor in interest to Cadle, loaned $50,000 to Seahawk Commodities Inc. (hereinafter “Seahawk”). Rhoades was Seahawk’s Vice-President and purportedly executed a promissory note and personal guarantee for this debt.[1] On January 22, 1998, Rhoades received a letter from Barnett Bank accelerating the debt and demanding full payment plus interest.
On March 15, 2001, Bank of America, N.A., the successor in interest to Barnett Bank, N.A., assigned the loan to Cadle. On December 29, 2004, Cadle filed suit against Rhoades for default under the personal guarantee. In her affirmative defenses, Rhoades asserted that Cadle’s claim was barred pursuant to the five-year statute of limitations set forth in section 95.11(2)(b), Florida Statutes (2005).[2] In its reply, Cadle asserted that Rhoades’s guarantee contained the following waiver of the statute of limitations defense:
Each of the undersigned also waives any and all rights or defenses arising by reason of ... (e) any statute of limitations, if at any time any action or suit brought by Lender against any of the undersigned is commenced there is outstanding indebtedness of Borrower to Lender which is not barred by any applicable statute of limitations....
Rhoades filed a motion for summary judgment based on her statute of limitations defense, which the trial court granted. After a final judgment was entered, this appeal ensued.
On appeal, Cadle primarily argues that the trial court erred in granting summary judgment because there remained issues of material fact as to whether Rhoades waived the statute of limitations defense. We find Cadle’s argument unpersuasive. Here, Cadle does not dispute that Barnett Bank accelerated the debt and demanded full payment on or about January 22, 1998. The underlying debt at issue in this case therefore matured on that date. In order to give meaning to the phrase “which is not barred by any applicable statute of limitations,” the guarantee, therefore, required suit to be commenced against Rhoades before the limitations period ran on the underlying debt. Because the debt matured on January 22, 1998, the applicable five-year statute of limitations ran on *835 January 23, 2003-close to two years before Cadle filed suit. Accordingly, we affirm the trial court’s entry of final summary judgment.
Affirmed.

. Rhoades asserts that she did not execute either the note or guarantee.

. Pursuant to section 95.11(2)(b), Florida Statutes (2005), actions other than for recovery of real property shall be commenced as follows:
(2) WITHIN FIVE YEARS.—
(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of ss. 255.05(10) and 713.23(l)(e).